United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lester Murillo, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 16-24070-Civ-Scola |
| | ) |
| Fernando Guerra Rancel, | ) |
| Defendant. | ) |

### **Order on the Defendant's Motion in Limine**

This matter is before the Court on the Defendant's Motion in Limine. (ECF No. 28.) The Plaintiff brings this action against the Defendant to recover for injuries sustained in an automobile accident that occurred on April 7, 2015. The Plaintiff alleges that the Defendant negligently made a left turn in front of the Plaintiff's car, despite the fact that the Plaintiff had a green light and the right-of-way. As a result of the accident, the Defendant was cited for failure to yield the right-of-way when turning left. (Mot. at 1.) Pursuant to Florida Statute § 318.14(4)(a), a person charged with a noncriminal infraction may elect not to appear at a hearing, and may instead pay a civil penalty. Since the Defendant is a resident of Venezuela, he elected to utilize this procedure. (Mot. at 2.) Pursuant to Florida Statute § 318.14(4)(b), he was therefore deemed to have admitted the infraction. However, that same provision states that "[s]uch admission shall not be used as evidence in any other proceedings." Fla. Stat. § 318.14(4)(b). Accordingly, the Defendant has moved to prohibit the Plaintiff from introducing "any evidence that Defendant pled guilty to a failure to yield traffic citation." (Mot. at 1.)

The Plaintiff failed to timely respond to the Defendant's motion. The Court thereafter ordered the Plaintiff to respond to the motion on or before September 11, 2017 (ECF No. 29). To date, the Plaintiff has neither filed a response to the motion nor requested an extension of time to do so.

A motion in limine is made before a trial has begun for the purpose of excluding or including certain evidence. 20 Am. Jur. *Trials* 441 § 2 (1973). In limine rulings are not binding on a trial court and remain subject to reconsideration during course of trial. *Stewart v. Hooters of Am., Inc.*, 04-40-T-17, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007). The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. *Id.* Motions in limine are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id.* If evidence is not

clearly inadmissible, evidentiary rulings should be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Id.*

In light of Florida Statute § 318.14(4)(b)'s prohibition on using admissions of noncriminal traffic infractions as evidence in other proceedings, Florida courts have held that it constitutes reversible error to permit evidence of such admissions at trial. *See, e.g.*, *Galgano v. Buchanan*, 783 So.2d 302, 306-07 (Fla. 4th Dist. Ct. App. 2001) (remanding for new trial because the admission of evidence that the defendant "was issued a citation in the accident and plead guilty to the infraction by mail could have had a profound effect upon the jury's determination of guilt."). In addition, Florida courts have held that law enforcement officers are not permitted to testify as to their determination of who caused an accident and whether anyone was issued a citation related to the accident. *Shaver v. Carpenter*, 157 So.3d 305, 307 (Fla. 2d. Dist. Ct. App. 2014) (citing *Hernandez v. State Farm Fire & Casualty Co.*, 700 So.2d 451, 452 (Fla. 4th Dist. Ct. App. 1997) (additional citations omitted). Based on the foregoing, evidence that the Defendant was issued a failure-to-yield citation and was deemed to have admitted the infraction, including testimony from law enforcement officers concerning who caused the accident and whether anyone was issued a citation, is clearly inadmissible. Therefore, the Defendant's Motion in Limine is **granted** (**ECF No. 28**).

**Done and ordered** in chambers, at Miami, Florida, on October 11, 2017.

_____
Robert N. Scola, Jr.
United States District Judge